UNITED STATES FEDERAL DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**JAMES C. STOVER,**

      **Plaintiff,**           **Case No:  13-**       **-CV**
                                    **Hon.:**

**vs.**

**CHRYSLER GROUP, LLC and UAW**
**PENSION BOARD OF ADMINISTRATION,**

      **Defendants.**
_____/

**JAMI WITBECK JONES P64720**
Attorney for Plaintiff
33200 Dequindre, Suite 100
Sterling Heights, MI 48310
586-268-8200
Fax: 586-268-8518
jjones@langtonlaw.com
_____/

## COMPLAINT

Now comes the Plaintiff, JAMES C. STOVER, by and through his attorneys, JAMI

JONES, PLLC, and for her complaint in civil action, states as follows:

### JURISDICTION AND PARTIES

1.     This is a civil complaint brought under Section 502 of the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and federal

common law for breach of the terms of an employee welfare and benefit plan

and breach of fiduciary duties related to the administration of this plan.

2.     Plaintiff, James C. Stover, ("Plaintiff" or "Stover"), is an individual residing

in the City of Allen Park, County of Wayne, State of Michigan.

3.     Plaintiff is a participant in the subject ERISA plans.

4.      Defendant, Chrysler Group LLC, ("Chrysler"), has its principal place of business in the State of Michigan, and is doing business throughout the State of Michigan.

5.      Defendant, Chrysler, sponsors a disability pension plan, under which Plaintiff is entitled to benefits (the "Plan").

6.      Defendant, UAW Pension Board of Administration ("Pension Board"), is the Claims Administrator with respect to the Plan, along with, upon information and belief, Defendant Chrysler, and the Pension Board routinely administers claims of the Plaintiff and others like him claiming under the Plan, throughout the State of Michigan.

7.      Additionally, Defendant, Chrysler Group, LLC, sponsors and administers a long term disability plan known as the Extended Disability Benefits Program (the "Program"), under which Plaintiff is also entitled to benefits.

8.      Upon information and belief, Sedgwick Claims Services, ("Sedgwick"), assists Chrysler in the administration of claims, but Chrysler is the ultimate administrator of those claims.

9.      The events giving rise to this cause of action occurred primarily in Wayne County, Michigan.

10.     That a true and correct copy of this Complaint is being served on the Secretaries of Labor and the Treasury via certified mail, return receipt requested, pursuant to 29 U.S.C. § 1132(h).

11.     This court has jurisdiction pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001, et seq., ("ERISA"), et. seq, and 28 U.S.C. § 2201.

2

12.   Venue in this Court is appropriate pursuant to 29 U.S.C. § 1132(e)(2), as it is the district where the breach took place, and where the Defendants reside and/or may be found.

## COMMON ALLEGATIONS

13.   Plaintiff hereby incorporates the preceding allegations in paragraphs one through twelve of this Complaint as though fully set forth herein.

14.   At all times pertinent hereto, Plaintiff was a beneficiary of the Plan and of the Program as that term is defined in 29 U.S.C. § 1002(8).

15.   At all times pertinent hereto, Plaintiff has been a participant, within the meaning of ERISA Section 3(7), 29 U.S.C. § 1002(7), in the Plan and in the Program.

16.   The Plan is an employee benefit welfare plan and/or welfare plan within the meaning of ERISA, as defined in ERISA Section 3(1), 29 U.S.C. § 1002(1).

17.   The Program is an employee benefit welfare plan and/or welfare plan within the meaning of ERISA, as defined in ERISA Section 3(1), 29 U.S.C. § q 1002(1).

18.   The Plan provides for disability retirement income for participants and beneficiaries.

19.   The Program provides for extended, i.e., long-term, disability benefits for participants and beneficiaries.

20.   Chrysler is the sponsor of the Plan and the Program.

21.   Chrysler is also the Plan Administrator and Administrator of the Program.

22.   The Pension Board is the Third Party Claims Administrator of benefits under the Plan, however, upon information and belief, these duties are shared with

Chrysler.

23.     Sedgwick Claims Services, upon information and belief, is a provider of administrative services to Chrysler and acting directly on Chrysler's behalf in matters concerning the Program.

24.     Chrysler is a fiduciary of the Plan and of the Program pursuant to ERISA.

25.     Upon information and belief, all premium or other payments required under the terms of the insurance coverage provided through the Plan and Program through the dates relevant hereto were timely made.

26.     Plaintiff suffers from the following disabling conditions, which have caused Chrysler's Plant Doctor, an IME doctor, and Plaintiff's own doctor all to say that he is unable to work:

            major depressive disorder, PTSD, chemical dependence disorder,
            and personality disorders.

27.     Plaintiff sought disability retirement benefits from Defendants under the Plan in relation to the aforementioned conditions.

28.     Plaintiff sought extended disability benefits through Chrysler under the Program with regard to the aforementioned conditions.

29.     Defendant Chrysler and the Pension Board based its' denial of retirement disability benefits on one IME opinion which did not use the appropriate standard, (see paragraph 30 of this Complaint), because the nurse hired by Defendants to convey the proper information to that doctor failed to do so.

30.     Plaintiff is entitled to disability retirement benefits under the Plan; in fact, the applicable pension agreement, dated October 29, 2007, the proper standard is that the employee (1) not be engaged in regular employment or

occupation for profit, (2) that the disability prevents the employee from engaging in regular employment with Chrysler at the plant(s) where he has seniority, and (3) that the disability be permanent and continuous, with the corporation allowed to do follow-up examinations to determine the current status of the permanency of the disability. (Pension Agreement, §8).

31.   Plaintiff meets each and every one of the foregoing requirements of the Plan, as agreed by the plant doctor at Chrysler, (who will not allow him to return to work due to this disability), a Chrysler IME doctor, and Plaintiff's own doctor.

32.   Defendants denied Plaintiff benefits to which he was and is entitled under the Plan.

33.   Defendant Chrysler denied benefits to Plaintiff under the Program to which benefits the Plaintiff was and is entitled, claiming that there was "insufficient evidence" to show that Plaintiff did not qualify for work at the Plant.

34.   In order to qualify for Program benefits, Plaintiff's medical condition must be such that he is "prevented thereby from engaging in regular employment…at the Plant or Plant(s) [where Plaintiff has seniority].'

35.   Plaintiff meets each and every one of the requirements of the Program and qualifies for extended disability benefits thereunder, because he is disabled to the degree that he cannot return to work at the Plant, as agreed by the plant doctor at Chrysler, (who will not allow him to return to work due to this disability), a Chrysler IME doctor, and Plaintiff's own doctor.

36.   Defendants denied Plaintiff benefits to which he was and is entitled under the Program.

37.    Despite the denial of benefits under the Plan and the Program, Defendant Chrysler will not allow Plaintiff to return to work because of his disability described herein.

38.    Defendants' stated reason for the denial, i.e., that the Plaintiff is not disabled under the Plan is based on an IME opinion which was without proper instruction as to the definition of disability under the Plan, thus fatally faulting that doctor's opinions.

39    Defendants' stated reason for denying benefits under the Program, i.e., that medical evidence was insufficient to support the disability claim, is nonsensical, particularly in light of the facts alleged above.

40.    Plaintiff filed all necessary administrative appeals and timely files this Complaint.

41.    Plaintiff meets all requirements under the Plan and under the Program and has provided substantial and ample proof of same, which the Defendants have failed to refute, but instead whose experts (those not in error as to the standard for disability) have agreed.

42.    The determinations to deny benefits were arbitrary and capricious, as well as discriminatory.

43.    Further, Plaintiff was denied due process by Defendants, because the denial of benefits was not based upon the recommending physician's use of the appropriate standard (i.e., the governing contract language), and because he has no recourse here; the Defendants have deprived Plaintiff of his employment by using their plant physician to state he is disabled from working at the Plant (which is the very crux of the definition of disabled in

the Plan).

44.     Plaintiff's ERISA claim is timely under the Plan and under ERISA.

45.     Any ambiguities in the Plan should be construed against the Defendants.

46.     Plaintiff was and is entitled to receive retirement disability benefits under the Plan.

### Count I
### Action Under ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) to Enforce Rights and/or Clarify Rights to Future Benefits

47.     Plaintiff incorporates paragraphs 1 through 46 as though fully set forth herein.

48.     The determination to deny the retirement disability benefits requested by the Plaintiff is in direct violation of the terms of the Plan.

49.     The determination to deny extended disability benefits is in direct violation of the terms of the Program.

50.     The determinations to deny the benefits requested by the Plaintiff were arbitrary and capricious, and/or were not entitled to deference based on a conflict of interest on the part of the Plan's administrator(s), and/or because the discretionary language in the Plan (including any amendments thereto) is in violation Michigan statutory law, case law and/or the Michigan Administrative Code Rule 500.2202 entitles Plaintiff to a de novo review.

### Count II
### Action Under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), to Remedy Breach of Fiduciary Duty

51.     Plaintiff incorporates paragraphs 1 through 50 as though fully set forth herein.

52.    As fiduciaries of the Plan and the Program, under ERISA Section 404(a), 29

U.S.C. § 1104(a), Chrysler had, at all relevant times, a duty to discharge their

duties solely in the interest of the Plan and/or Program participants and their

beneficiaries, and

    a.    for the exclusive purpose of providing benefits to Plan/Program
participants and their beneficiaries and defraying reasonable expenses of
administering the Plan/Program; and
    b.    with the care, skill, prudence, and diligence under the circumstances
then prevailing that a prudent person acting in a like capacity and familiar
with such matters would use in the conduct of an enterprise of a like
character and with like aims; and
    c.    in accordance with the Plan/Program documents and instruments
insofar as such documents and instruments are consistent with the provisions
of Titles I and IV of ERISA.

53.    Defendants' denial of Plaintiff's benefits as described more fully above

violates each and every one of the fiduciary duties as set forth above.

54.    Plaintiff was harmed by Defendants' failure to exercise their duty of care as

fiduciaries in that he was denied benefits under the Plan and Program to

which he was and is entitled.

## Prayer for Relief

PLAINTIFF REQUESTS the Court to grant the following relief:

    a.    A declaratory judgment pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. §
1132(a)(1)(B), and 28 U.S.C. § 2201, declaring that Plaintiff is entitled to the
benefits requested as described in the preceding Complaint, subject to any
deductibles and/or maximum benefit limits applicable to disability benefits
under the Plan, and further declaring that the Defendant(s) have violated the
Plan and Program and its fiduciary duties by denying these benefits;

    b.    Judgment against the Defendant(s) and in favor of Plaintiff for the amount of
past-due benefits plus interest;

    c.    Discovery on the issue of whether the the decision to deny Plaintiff benefits
was due to a conflict of interest on the part of the Defendants and their
agents;

d.     Disgorgement of any profits or gain Defendants have obtained as a result of the wrongful action alleged in this complaint and equitable distribution of any profits or gain to Plaintiff;

e.     A de novo review;

f.     Reasonable attorneys' fees and costs, pursuant to ERISA §502(g)(1), 29 U.S.C. 1132(g)(1); and,

g.     such other relief, equitable or otherwise, as may be just and appropriate.

Respectfully Submitted,


/s/ Jami Witbeck Jones
**JAMI WITBECK JONES (P64720)**
**JAMI JONES, PLLC**
*Attorneys for Plaintiff*
33200 Dequindre, Suite 100
Sterling Heights, Michigan 48310
Tel:  (586) 268-8200
jjones@langtonlaw.com

Dated:  October 24, 2013